1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    BRIAN DIAZ,                                    CASE NO. C21-1285JLR

11                            Petitioner,            ORDER

12              v.

13    UNITED STATES OF AMERICA,

14                            Respondent.

15        Before the court is Petitioner Brian Diaz's motion to appoint counsel and extend

16    the time to file a responsive brief.  (Mot. (Dkt. # 8).)  The court has considered the

17    motion, the relevant portions of the record, and the applicable law.  Being fully advised,

18    the court GRANTS IN PART and DENIES IN PART Mr. Diaz's motion.

19        On September 20, 2021, Mr. Diaz filed a motion to vacate, set aside, or correct his

20    sentence pursuant to 28 U.S.C. § 2255.  (2255 Mot. (Dkt. # 1).)  Mr. Diaz then requested

21    that the court appoint counsel to represent him in this action.  (1st Mot. for Counsel (Dkt.

22    # 5).)  The court denied that motion because:  (1) "the issues presented in Mr. Diaz's

ORDER - 1

§ 2255 motion do not appear to be particularly complex"; (2) "the § 2255 motion . . . demonstrates that he is able to effectively articulate his claims"; and (3) "at this early stage of the litigation, there is no record before the court that would allow it to adequately examine whether Mr. Diaz's claims have merit." (*See* 11/10/21 Order (Dkt. # 6).)

On November 19, 2021, Respondent the United States of America ("the Government") filed its response to Mr. Diaz's § 2255 motion. (2255 Resp. (Dkt. # 7).) In the instant motion, Mr. Diaz again requests that the court appoint counsel to represent him in this action and seeks a 30-day extension of time to file his reply to the Government's response. (*See generally* Mot.) He alleges that he is "overwhelmed by the task of writing" his reply brief; his legal knowledge is "nearly non-existent"; he has no access to the internet; and his access to legal reference materials is limited. (*See* Mot. at 2.)

There is no constitutional right to counsel in a post-conviction 28 U.S.C. § 2255 proceeding. *See Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995). However, the Rules Governing Section § 2255 Cases mandate appointment of counsel when an evidentiary hearing is required, *United States v. Duarte-Higareda*, 68 F.3d 369 (9th Cir. 1995), and when necessary for effective discovery pursuant to Rule 6(a). *See* Rules Governing Section § 2255 Cases Rule 8(c), Rule 6(a). Having reviewed Mr. Diaz's motion and the Government's response, the court concludes that discovery and an evidentiary hearing are unnecessary because the detailed record in this matter is a

1  sufficient basis on which to decide Mr. Diaz's claims.  (*See generally* 2255 Mot.; 2255

2  Resp.)

3       Additionally, a district court may appoint counsel in a case brought under § 2255

4  at any time in the "interest of justice."  18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*,

5  718 F.2d 952, 954 (9th Cir. 1983); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir.

6  1990).  In determining whether to appoint counsel, "the district court must evaluate the

7  likelihood of success on the merits as well as the ability of the petitioner to articulate his

8  claims pro se in light of the complexity of the legal issues involved."  *See Weygandt*, 718

9  F.2d at 954.

10       Having reviewed Mr. Diaz's § 2255 motion and the Government's response, the

11  court does not find that justice requires the appointment of counsel at this time.  Although

12  briefing on Mr. Diaz's § 2255 motion is not yet complete, the issues presented do not

13  appear to be particularly complex, and his § 2255 motion demonstrates that he is able to

14  effectively articulate his claims.  (*See generally* 2255 Mot. (setting forth ineffective

15  assistance of counsel claims).)  Thus, the court concludes that Mr. Diaz has not

16  demonstrated that the "interests of justice" warrant appointment of counsel in this case.

17       Regarding Mr. Diaz's request for an extension of time to file his reply, Federal

18  Rule Civil Procedure 6(b)(1) allows the court to extend the time to file a brief "for good

19  cause."  Fed. R. Civ. P. 6(b)(1).  Given Mr. Diaz's lack of internet access, limited access

20  to legal reference materials, and the "poor working order" of the prison's typewriters, the

21  court finds that "good cause" exists for his requested extension of 30 days.  (*See*

22  *generally* Mot.)

ORDER - 3

1        Accordingly, the court GRANTS IN PART and DENIES IN PART Mr. Diaz's

2  motion to appoint counsel and extend the time to file a responsive brief (Dkt. # 8).

3  Specifically, the court (1) GRANTS Mr. Diaz's request for an extension of time to file

4  his reply to the Government's response and ORDERS him to file his reply brief, if any,

5  no later than January 28, 2022; and (2) DENIES Mr. Diaz's request to appoint counsel to

6  represent him in this action.

7        Dated this 15th day of December, 2021.

JAMES L. ROBART
United States District Judge